BAKER, JUDGE:
Claimants, William J. Lucas and Ralph J. Lucas, seeks an award from the Division of Highways for property damage and personal injury sustained in an automobile accident which took place on June 26, 1991, on Route 68, formally known as Route 2, near Parkersburg, Wood County.
From the evidence adduced at the hearing on March 24,1993, it appears that Ralph Lucas is the father of William Lucas and the owner of a 1974 Chevrolet half-ton pick-up truck. On the day of the accident, William J. Lucas and a friend were driving the truck northerly on Route 68 during daylight hours at a speed of approximately 45 miles per hour when his right front tire blew out and he was forced to drive off the paved portion of the road onto a grassy area where the truck proceeded to run over an I-beam that was installed by the respondent. The I-beam was exposed, but it was covered over the overgrown grass and was not visible to William before his vehicle struck it. The exposed beam did extensive damage to the truck causing it to be declared a total loss. William J. Lucas received physical injuries in the accident.
Respondent contends that it had no notice that this particular I-beam was exposed and that the beam was off of the berm area. Mr. William J. Lucas drove beyond the berm area and then his vehicle struck the I-beam. The situation has been remedied since this accident.
According to claimant Ralph J. Lucas the truck was worth $1,500.00 prior to the accident and he received salvage value of $300.00, resulting in total damages of $1,200.00. He testified that he measured the distance of the I-beam from the paved portion of the road to be approximately five feet.
William J. Lucas testified that he was operating his father’s truck during daylight hours on June 26,1991. He was with a friend and they were on their way to the J ames Country Store to purchase gas for a riding a lawnmower. As he was driving north on Route 68, the right front tire of the truck went flat. He then drove “onto the berm into a grassy area and struck an I-beam.” The *6 beam caught the undercarriage of the truck causing him to be thrown onto the steering wheel and inflicting physical injuries to him. As a result of the accident, William J. Lucas suffered injury to his neck, upper back, middle back, and right shoulder, which required the services of a chiropractor, Dr. Donald L. Shepherd. He testified that he now finds it painful to engage in the activities of splitting wood and physical sports. He alleges damages for his physical injuries in the amount of $15,000.00 due to his pain and suffering and for special damages. There is an outstanding medical bill owed to the chiropractor in the amount of $974.00.
Dr. Shepherd, the treating chiropractor for William J. Lucas, testified that it is his opinion that William’s condition will continue in the future.
Paul Reese, superintendent of road maintenance in Wood County, testified for the respondent that respondent had not received any complaints of exposed I-beams at the side of the accident. The I-beams are placed in the ground with sheets of steel between the beams to keep the soil from eroding away where there are slip problems. However, he did state that occasionally mowers operated by employees of the respondent will hit beams similar to the one in question and that the respondent either places fill dirt around it or installs a warning paddle to alleviate the situation. The situation, i.e., an exposed beam, usually cannot be corrected at the time it is discovered by the employee. He observed the piling or I-beam struck by claimant’s truck and he was of the opinion that it was projected sufficiently above the ground to catch the under parts of a vehicle with a flat tire and that it probably prevented the vehicle from going over the hill.
This Court finds that although the piling was approximately five feet five inches from the edge of the pavement, the respondent was negligent in permitting a hazardous condition to exist in an area close enough to the side of the road that in an emergency situation the berm area is rendered unsafe. However, the Court also finds that the respondent is not responsible for the defective condition of the tire on claimant Ralph Lucas’ truck; therefore, the Court reduces its award to him for the value of the truck based upon the theory of comparative negligence and finds the respondent 60% negligent and the claimant, Ralph Lucas 40% negligent. An award of $720.00 will be granted to Ralph Lucas for the value of his truck. The Court has determined that a fair and reasonable award in the amount of $4,000.00 be granted to William J. Lucas for his pain and suffering and special damages.
Award of $720.00 to Ralph J. Lucas.
Award of $4,000.00 to William J. Lucas.
Judge Webb did not participate in the hearing or decision of this claim.